UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**BARRY C. DRAKE**                                                                          **PLAINTIFF**

v.                                                 **CIVIL ACTION NO. 3:19-CV-239-CRS**

**THOMAS McKINNEY et al.**                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Defendants Thomas McKinney and Emerald City Property Management filed a motion for summary judgment (DN 30) in this civil action brought under the Fair Housing Act by p*ro se* Plaintiff Barry C. Drake. Plaintiff responded (DN 31). Defendants replied (DN 32), and Plaintiff filed a supplement (DN 33). The matter being ripe, the Court will grant Defendants summary judgment for the following reasons.

I.

In his complaint (DN 1) and amended complaint (DN 3), both filed on March 29, 2019, Plaintiff alleged that Defendants Thomas McKinney, property manager, and Emerald City Property Management (Emerald) unlawfully issued a 30-day notice for Plaintiff to vacate his apartment. As the basis for federal-question jurisdiction, he referenced the Federal Housing Act. Plaintiff asserted that it was illegal for Defendants to evict him for exercising a legal right; to harass and force him out of his residence with a self-help eviction notice; to bully him into a conspiracy to violate federal law by lying about repairs; and to "discriminate (2 years) against [him] by not making repairs in a timely fashion."

Defendants filed a motion to dismiss (DN 17) after Plaintiff did not respond to counsel's request to contact him to schedule the meeting required by Rule 26 of the Federal Rules of Civil Procedure. The Court denied that motion finding that dismissal was too harsh a sanction;

however, the Court advised Plaintiff that he had a duty to cooperate with defense counsel to arrange a Rule 26 conference, attempt in good faith to agree on a proposed discovery plan, and submit a written report outlining the plan.

Defendants submitted a Rule 26 report (DN 25), which notified the Court that despite the Court's Order Plaintiff failed to respond to defense counsel's request to contact and discuss scheduling pursuant to the Court's Order. Shortly thereafter, Plaintiff filed a motion to amend the complaint (DN 27), which has been denied. Now before the Court is Defendants' motion for summary judgment.

## II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* A moving party with the burden of proof who seeks summary judgment faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted). The party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury

would be free to disbelieve it." *Arnett*, 281 F.3d at 561. "Accordingly, summary judgment in favor of the party with the burden of persuasion 'is inappropriate when the evidence is susceptible to different interpretations or inferences by the trier of fact.'" *Green v. Tudor*, 685 F. Supp. 2d 678, 685 (W.D. Mich. 2010) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

Defendants argue that they are entitled to summary judgment in their favor on the grounds that Plaintiff's claims are precluded by the doctrine of res judicata because of a decision on the merits in a forcible detainer action against him in Hardin District Court. According to the motion for summary judgment and documents attached thereto, on May 2, 2019, Defendant McKinney on behalf of Defendant Emerald filed a forcible detainer action against Plaintiff in the Hardin District Court (Case No. 19-C-60533). Plaintiff was served notice, and on May 21, 2019, the Hardin District Court found Plaintiff guilty of forcible detainer and ordered Plaintiff to vacate the premises by Judgment entered May 22, 2019. Plaintiff attempted to appeal, but his attempted appeal was voided on May 29, 2019, because Plaintiff did not pay the filing fee. On May 31, 2019, an eviction notice was filed; on June 6, 2019, an eviction warrant was filed; and Plaintiff vacated the premises within the month.

Attached to the summary-judgment motion are the forcible detainer complaint (Case No. 19-C-60533); the Hardin District Court notice of trial date on May 21, 2019; a letter to the Hardin District Court from Plaintiff dated May 19, 2019; a motion for recusal in case No. 19-C-60533; the forcible detainer judgment apprising the parties that an appeal could be filed within seven days of judgment; Plaintiff's appeal; and a notice from the Hardin Circuit Court Clerk advising Plaintiff that his appeal could not be processed because no filing fee was tendered.

Also, according to the motion for summary judgment, on April 24, 2019, Plaintiff filed an administrative complaint with the Kentucky Commission on Human Rights (KCHR) and on

April 30, 2019, he filed a complaint with the Kentucky Department of Housing and Urban Development. The KCHR recommended a finding of no probable cause for Plaintiff's claims of race and disability-based discrimination on July 17, 2019, and dismissed the administrative complaint on August 15, 2019.

Plaintiff's response (DN 31) does not address Defendants' argument regarding res judicata. He accuses Defendant McKinney of malice during interactions with him, accuses him of perjury during the KCHR's investigation, and complains of the "largest racial conspiracy" in the history of Kentucky, apparently in reference to certain state-court actions in the early 2000s which do not involve Defendants.

In reply (DN 32), Defendants point out that their motion for summary judgment is premised on Plaintiff's claims being barred by res judicata, whereas Plaintiff's response offers unfounded accusations of criminal actions, malice, defamation, and "actions directed toward him by court officers in other jurisdictions."

Plaintiff then filed a supplement (DN 33), in which he refers to federal criminal statutes requiring persons who know of a federal crime to report it; states that the proceedings in the Hardin District Court are null and void; and asserts that defense counsel has on several occasions mailed court papers without using Plaintiff's correct address, causing delivery to take longer than it should have.

The matter being ripe, the Court considers whether Defendants are entitled to summary judgment based on the doctrine of res judicata. As this Court explained in a decision granting summary judgment in a case invoking res judicata based on a Kentucky state-court judgment:

> Res judicata, or claim preclusion, "is a bar to a subsequent action where a former judgment has been rendered by a court of competent jurisdiction between the same parties upon the same matter directly involved in the prior suit. *Wallace v.*

*Ashland Oil & Transp. Co.*, 305 S.W.2d 541, 543-44 (Ky. 1957). The scope of the doctrine is very broad:

> [t]he rule is elementary that, when a matter is in litigation, parties are required to bring forward their whole case; and 'the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'

*Combs v. Prestonsburg Water Co.*, 84 S.W.2d 15, 18 (Ky. 1935) (internal citations omitted).

*Banterra Bank v. Hendrick*, No. 5:09-CV-00012-TBR, 2009 WL 3231371, at *3 (W.D. Ky. Oct. 1, 2009). Therefore, res judicata applies not only to the issues disposed of in the first action, but to every point which properly belonged to the subject of the litigation in the first action and which in the exercise of reasonable diligence could have been brought forward that the time. *Id.* (citing *Egbert v. Curtis*, 695 S.W.2d 123 (Ky. App. 1985)). "Where two actions involving the same issue are pending between the same parties, 'irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as res judicata.'" *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) (quoting *Chicago, R. I. & P. R. Co. v. Schendel*, 270 U.S. 611, 616-17 (1926)).

Here, it is Kentucky's law concerning *res judicata* that applies. *See, e.g.*, *Morgan v. Highland Heights of Ky., LP*, No. CIV.A. 2013-114, 2013 WL 6909960, at *3 (E.D. Ky. Dec. 31, 2013) (applying Kentucky law regarding res judicata to decide whether prior Kentucky administrative and state-court action barred a federal Fair Housing Act claim in federal court). "In Kentucky, three elements must be met for res judicata. They are identity of the parties, identity of the causes of action, and resolution of the prior action on the merits." *Petty v. Lynch*, 102 F. App'x 24, 25 (6th Cir. 2004).

Defendants argue that the identity-of-the-parties element is met because Defendant McKinney was and at all times has been in privity with Defendant Emerald. The state detainer action was filed against Plaintiff by Defendant McKinney on Defendant Emerald's behalf; therefore, the identity of the parties is the same.

"Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Waddell v. Stevenson*, 683 S.W.2d 955, 958 (Ky. Ct. App. 1984) (internal quotation marks and citation omitted). Defendant McKinney, an employee of Defendant Emerald, was acting on behalf of Defendant Emerald as concerns the allegations against him by Plaintiff. The Court finds that they were in privity and that there is an identity of parties.

Defendants next argue that there exists an identity of the causes of action. They point out that in an action for forcible detainer in Kentucky, a tenant may assert a counterclaim based on the landlord's failure to provide essential services, and/or may assert a defense based on a landlord's retaliatory conduct. They argue that res judicata also bars those claims which could have been raised in the previously decided action. They assert that the alleged conduct that forms the basis for this action would have provided Plaintiff with a valid defense and/or viable counterclaim in the forcible detainer action.

The Court agrees that, because Plaintiff could have raised the claims against Defendants in this action in the state-court action, but did not, Defendants have established the identity-of-the-causes-of-action element. *See* Ky. Rev. Stat. § 383.645 ("In an action for possession based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim[.]"); Ky. Rev. Stat. § 383.705 (providing that a landlord is not allowed to retaliate "by increasing rent or decreasing services or by bringing or threatening to bring an

6

action for possession"); *see also Hashemian v. Louisville Reg'l Airport Auth.*, 493 S.W.3d 843, 845 (Ky. App. 2016) (holding that the doctrine of res judicata prevents the relitigation of the same issues in the first action which could have been raised).

Finally, Defendants argue that the Hardin District Court action was decided on its merits. As support, they point to the fact that the Hardin District Court entered a judgment indicating that either party could appeal within seven days and the fact that Plaintiff filed an appeal, although it was not processed because he did not pay the filing fee.

Plaintiff does not dispute the fact of the state-court detainer action or its outcome. As to Plaintiff's conclusory assertion that the Hardin District Court action is null and void and that, therefore, res judicata does not apply, Plaintiff offers no reason that the action should be considered null and void, except conclusory allegations of criminal conduct and the existence of the "largest" racial conspiracy. The Court finds that the state-court action was decided on its merits. *See Morgan*, 2013 WL 6909960, at *3 (finding that Kentucky state-court forcible detainer action was an action decided on the merits).

The Court finds that Defendants have carried their burden of proof that the action is barred by res judicata that they are entitled to summary judgment. *See Arnett*, 281 F.3d at 561.

### III.

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment (DN 30). The Court will dismiss the action by separate Judgment.

Date: September 4, 2020

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　Counsel of record
4411.009

7